Gary M. Zadick
Ugrin, Alexander, Zadick & Higgins, PC
2 Railroad Square #B
P.O. Box 1746
Great Falls, MT 59403
Phone: (406)771-0007
Fax: (406) 452-9360
gmz@uazh.com

Jason T. Holden
Katie R. Ranta
Faure Holden Attorneys at Law, PC
1314 Central Avenue
P.O. Box 2466
Great Falls, MT 59403
Phone: (406) 452-6500
Fax: (406) 452-6503
jholden@faureholden.com
kranta@faureholden.com
*Attorneys for Plaintiff*

PARK COUNTY CLERK
OF DISTRICT COURT
JUNE LITTLE

2017 JUL 17 PM 2 59

FILED
BY _____
DEPUTY

## MONTANA SIXTH JUDICIAL DISTRICT COURT, PARK COUNTY

| | |
|---|---|
| BANJOSA HOSPITALITY, LLC, a Colorado limited liability company,<br><br>Plaintiffs,<br><br>-vs-<br><br>HISCOX, INC.,<br><br>Defendant. | Cause No. DV-17-43<br>Hon. Brenda Gilbert<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Banjosa Hospitality, LLC ("Banjosa"), by and through its counsel of record, Ugrin, Alexander, Zadick & Higgins, PC and Faure Holden Attorneys at Law, PC, for its Amended Complaint alleges as follows:

Exhibit B

## JURISDICTION

1. Plaintiff Banjosa is a Colorado limited liability company with its principal place of business in Thornton, Colorado.

2. Defendant Hiscox Inc. is a Delaware corporation with its principal place of business in New York, New York.

3. This Court has jurisdiction pursuant to Mont. Code Ann. § 3-5-302(b) and Mont. R. Civ. P. 4(b)(1)(A), (B), and (D).

## VENUE

4. Banjosa holds a $600,000.00 judgment, plus interest, from the Montana Sixth Judicial District Court, Park County, against Scott Blumfield. Blumfield was, at all times pertinent, a citizen of the State of Montana, County of Cascade, City of Great Falls. Scott Blumfield assigned his rights against Hiscox Inc. to Banjosa.

5. Venue is proper in Park County, Montana because this is an action based upon an insurance contract, and the proper place of trial is the county in which judgement was obtained against the insured. Mont. Code Ann. §§ 25-2-118 and -121(2)(c).

## FACTS APPLICABLE TO ALL COUNTS

6. On February 2, 2013, LPHCAT, LLC ("LPHCAT") and Banjosa entered into a Commercial Buy-Sell Agreement ("Agreement") whereby LPHCAT

2

Exhibit B

would sell and Banjosa would buy certain real property known as the Best Western Yellowstone Inn in Livingston, Montana ("the Property").

7. At the time the Agreement was signed, Scott Blumfield was an employee of Catalyst Real Estate Solutions, LLC ("Catalyst").

8. Scott Blumfield of Catalyst was listed as the buyer's broker in the Agreement and acted as such. Scott Blumfield continued to act as Banjosa's broker for all subsequent negotiations involving the proposed sale outlined in paragraph 6 above.

9. Under Montana law, Scott Blumfield and Catalyst, as Banjosa's broker, had certain duties to its client, Banjosa, including, but not limited to, the duty to "act solely in the best interests" of Banjosa and to "exercise reasonable care, skill, and diligence in pursuing the buyer's objectives and in complying with the terms established in the buyer broker agreement[.]" Mont. Code Ann. § 37-51-313(4).

10. The financing contingency and the release date of the financing contingency were material terms of the Agreement and Scott Blumfield, as buyer's broker, understood they were material terms of the Agreement.

11. During negotiations for the sale of the Property, an extension of the Agreement was negotiated.

12. Scott Blumfield breached his duties to Banjosa when, as part of the

3

Exhibit B

extension of the Agreement, he negligently failed to act solely in Banjosa's interest by failing to: seek an extension of the financing contingency release date of the Agreement, notify Banjosa that the contingency release date expired, and by exposing Banjosa to liability to LPHCAT for failure to secure financing before the expiration of the contingency release date.

13. Scott Blumfield's negligent acts and/or failures to act were done in the course and scope of his employment with Catalyst as the buyer's agent for Banjosa.

14. Because of Scott Blumfield's and Catalyst's breach of their duties to Banjosa, the sale fell through and Banjosa could not purchase the Property or complete a contemplated 1031 exchange.

15. Due to the negligence of Scott Blumfield which caused the failed purchase of the Property, Banjosa sustained damages in the amount of $600,000.00.

16. After the failed purchase of the Property, a lawsuit was filed against Banjosa on February 20, 2014 by LPHCAT, complaining that Banjosa breached the Agreement.

17. Banjosa answered the Complaint and brought a third party suit against Scott Blumfield on April 24, 2014, complaining that he was professionally

negligent in failing to seek an extension of the financing contingency release date of the Agreement.

18. At the time the Agreement was executed, Catalyst was insured under a Professional Liability Insurance Policy issued by Hiscox, Inc. ("Hiscox"), policy number MPL 1168660.12.

19. Under the Hiscox policy, Scott Blumfield, as an employee of the named insured, Catalyst Real Estate Solutions, LLC, was also insured by Hiscox policy number MPL 1168660.12.

20. Scott Blumfield had no direct or indirect beneficial ownership interest as a buyer or seller of the Property.

21. The Hiscox policy number MPL 1168660.12 purports to be a "claims made and reported" policy, however, the specific language of the policy controls and reads as follows:

> Please note that, <u>except to such extent as may be provided otherwise</u>, this Insurance is limited to those claims that are first made against the Insured and reported to underwriters during the Policy Period. Please see the Insuring agreements and also please review this Insurance carefully and discuss the coverage provided by this Insurance with your Insurance agent, broker, or representative. (Emphasis added).

22. The Hiscox policy number MPL 1168660.12 contains the following reporting requirement:

5

Exhibit B

1. In the event a Claim is first made against any Insured, the Insured, as a condition precedent to any right to coverage under this Policy, shall:

   a. give written notice to Underwriters of any such Claim as soon as practicable but in no event later than sixty (60) days after the end of the Policy Period or, if applicable during the Extended Reporting Period; or

   b. if the Insured receives any summons, arbitration demand, or notice of any legal, quasi-legal or other adjudicatory or adversarial proceeding, provide immediate notice in writing to Underwriters or such receipt.

   (Emphasis added).

23. Scott Blumfield received notice of a claim in April and May of 2013, within the Hiscox policy period.

24. Scott Blumfield provided notice of the claim against him to Hiscox as soon as practicable.

25. Scott Blumfield provided immediate notice of the judicial proceeding against him (Cause No. DV-2014-23) in writing to Hiscox.

26. Hiscox twice refused Scott Blumfield's tender of a defense.

27. Hiscox claims there is no coverage under the policy because it is a "claims made and reported" policy and no claim was both made and reported during the policy period.

28. Hiscox did not investigate Scott Blumfield's claim.

29. Hiscox did not defend Scott Blumfield under a reservation of rights.

6

Exhibit B

30. Hiscox did not file a declaratory judgment action to determine if there was coverage under its policy number MPL 1168660.12.

31. Hiscox had notice of the claim against Blumfield for years before judgment was entered against Blumfield.

32. Hiscox suffered no prejudice, or, even assuming, arguendo, that notice was not timely, any prejudice suffered by Hiscox is due to its refusal to investigate, defend under a reservation of rights, file a declaratory judgment action, or otherwise appear and participate in Cause No. DV-2014-23.

33. Without a defense provided by Hiscox, Scott Blumfield lacked sufficient funds with which to defend himself and pay potential judgments in Cause No. DV-2014-23.

34. Scott Blumfield stipulated to entry of judgment against him and assigned all his rights, claims, and causes of action against Hiscox to Banjosa.

35. As Blumfield's assignee, Banjosa stands in Blumfield's shoes and all Blumfield's rights are vested in Banjosa.

## COUNT I – DECLARATORY JUDGMENT

36. Paragraphs 1-35 are incorporated herein by reference.

37. The Uniform Declaratory Judgments Act, Mont. Code Ann. § 27-8-101, et seq., empowers this Court to declare the rights between the parties in this case.

Exhibit B

38. Scott Blumfield is an insured under Hiscox's insurance contract, policy number MPL 1168660.12.

39. Banjosa, as Scott Blumfield's assignee, is an interested person under the Hiscox insurance contract.

40. Hiscox wrongfully and unjustifiably breached the insurance contract by failing to provide defense and indemnity to Scott Blumfield.

41. Because Hiscox wrongfully and unjustifiably breached the insurance contract by refusing to defend and indemnify Blumfield, it is liable for the amount of the stipulated judgment between Blumfield and Banjosa.

42. Because Hiscox wrongfully breached the insurance contract and unjustifiably refused to defend and indemnify Blumfield, it is estopped from denying coverage.

43. The damages suffered by Banjosa and stipulated to by Scott Blumfield are reasonable and were determined in good faith.

## COUNT II – UNFAIR TRADE PRACTICES

44. Paragraphs 1-43 are incorporated herein by reference.

45. Under Montana law, Hiscox had a duty to: accurately represent its policy provisions, promptly investigate claims, not refuse to pay claims without conducting a reasonable investigation based upon all available information, and attempt in good faith to settle claims for which liability is reasonably clear.

46. Hiscox breached its duty to accurately represent its policy provisions

8

by denying coverage under its policy as a "claims made and reported policy" when its reporting provision requires only "immediate notice" of a lawsuit.

47. The misrepresentation of its policy provisions by Hiscox constitutes actual fraud.

48. Hiscox breached its duty to promptly investigate the claim by performing no investigation at all.

49. Hiscox breached its duty to not refuse to pay claims without conducting a reasonable investigation based upon all available information by doing no investigation at all, refusing coverage, failing to defend under a reservation of rights, and failing to file a declaratory judgment action.

50. Hiscox breached its duty to attempt in good faith to settle claims for which liability is reasonably clear by doing no investigation and simply refusing coverage.

51. In breaching its duties, Hiscox acted with actual malice.

52. As a result of Hiscox's breaches, Banjosa suffered damages.

## COUNT III – BREACH OF CONTRACT

53. Paragraphs 1-52 are incorporated herein by reference.

54. Hiscox entered into an insurance contract with Catalyst, policy number MPL 1168660.12, and under that insurance contract Scott Blumfield was an insured.

55. Hiscox breached its insurance contract when it refused to defend and/or indemnify Scott Blumfield.

56. As a result of Hiscox's breach, Scott Blumfield suffered damages.

57. Banjosa, as Scott Blumfield's assignee, is entitled to recover the damages suffered by him.

## COUNT IV – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

58. Paragraphs 1-57 are incorporated herein by reference.

59. Every contract contains an implied covenant of good faith and fair dealing.

60. The implied covenant requires honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

61. Hiscox breached the implied covenant of good faith and fair dealing.

62. As a result of Hiscox's breach, Scott Blumfield suffered damages.

63. Banjosa, as Scott Blumfield's assignee, is entitled to recover the damages suffered by him.

## COUNT V – THIRD-PARTY COMMON LAW BAD FAITH

64. Paragraphs 1-63 are incorporated herein by reference.

65. Hiscox had a duty to pay the judgment against Scott Blumfield when liability was reasonably clear.

66. Scott Blumfield, Hiscox's insured, admitted liability for Banjosa's

10

damages.

67. Hiscox wrongfully and unreasonably refused, and continues to refuse, to pay the judgment against Scott Blumfield when liability was, and is, reasonably clear.

68. As a result of Hiscox's wrongful and unreasonable refusal to pay the judgment, Banjosa suffered, and continues to suffer, damages.

## PRAYER FOR RELIEF

WHEREFORE, Banjosa prays for judgment in its favor and against Hiscox as follows:

69. for a declaration that Hiscox wrongfully and unjustifiably breached its duty to defend and indemnify Scott Blumfield;

70. for a declaration that Hiscox is estopped from denying coverage;

71. for a finding that Hiscox violated Montana's Unfair Trade Practices Act;

72. for a finding that Hiscox breached its insurance contract, breached the covenant of good faith and fair dealing, and committed the tort of common law bad faith;

73. for $600,000.00, the reasonable amount of damages awarded to Banjosa in Cause No. DV-2014-23;

74. for all interest as allowed by law;

Exhibit B

75. for punitive damages as allowed by Mont. Code Ann. § 27-1-221 and § 33-18-242;

76. for all its reasonable attorneys' fees and costs as allowed by law, including, but not limited to, Mont. Code Ann. §§ 27-8-311 and -313, and the insurance exception to the American Rule; and

77. for all other relief this Court deems just, equitable, and proper.

## JURY DEMAND

Banjosa demands a jury on all issues so triable.

DATED this 14th day of July, 2017.

Faure Holden Attorneys at Law, PC

_____
Jason T. Holden

_____
Katie R. Ranta

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was duly served by U.S. Mail, postage prepaid, upon the following on this 14th day of July, 2017:

Robert Phillips
Garlington, Lohn & Robinson, PLLP
350 Ryman Street
Missoula, MT 59802
Attorney for Hiscox, Inc.

_____
Katie R. Ranta

12

Exhibit B