Robert J. Phillips
Katelyn J. Hepburn
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
rjphillips@garlington.com
kjhepburn@garlington.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BANJOSA HOSPITALITY, LLC, a Colorado limited liability company, | CV-17-00152-SPW-TJC |
| Plaintiff, | |
| v. | DEFENDANT'S BRIEF IN SUPPORT OF RULE 54 MOTION FOR ATTORNEYS' FEES AND COSTS |
| HISCOX, INC., | |
| Defendant. | |

## I.     INTRODUCTION

Defendant, Hiscox Insurance Company Inc. ("HICI") (erroneously named as Hiscox, Inc. in Plaintiff's Amended Complaint), by and through undersigned counsel of record, respectfully requests that this Court grant them an award of attorneys' fees, costs and expenses as the prevailing party in this declaratory

2597374

judgment action.

## II.    BACKGROUND

Plaintiff, Banjosa Hospitality, LLC ("Banjosa") originally filed this action on April 4, 2017 under the Uniform Declaratory Judgments Act, Montana Code Annotated § 27-8-101 seeking judgment that HICI wrongfully breached its insurance contract and that HICI violated Montana's Unfair Trade Practices Act. HICI removed this action to this Federal District Court on November 15, 2017. The parties filed cross-motions for summary judgment and this Court issued its Order on September 26, 2018 denying Banjosa' s motion and granting HICI's cross-motion.  In its Order, this Court found that "the Claim was untimely, no coverage exists under the Policy, and no duty to defend was triggered.  The clear language of the Policy must be enforced as written."  (Doc. 38 at 15-16.)  In accordance with this Order, the Clerk entered judgment on September 26, 2018 in favor of HICI.  HICI now seeks its costs and fees associated with having to defend itself in this lawsuit pursuant to Montana law.

## III.   ARGUMENT

HICI is entitled to its reasonable attorneys' fees and costs incurred in defending against this action because it is the prevailing party under the final judgment entered into by this Court on September 26, 2018, from which an appeal lies.  Federal Rule of Civil Procedure 54(d) governs a prevailing party's request for

2

attorneys' fees.  The rule states in pertinent part that a prevailing party may, on a

motion filed within 14 days after entry of final judgment, move for an award of

attorneys' fees.  Fed. R. Civ. P. 54(d)(2).  "A judgment is said to be final if it

conclusively determines the rights of the parties to the litigation and leaves nothing

for the court to do but execute the order, *see, e.g., Coopers & Lybrand v. Livesay*,

437 U.S. 463, 467 . . . (1978), or resolve collateral issues, *see, e.g., Budinich v.

Becton Dickinson & Co*., 486 U.S. 196, 199-200 . . . (1988)."  *Weyant v. Okst*, 198

F.3d 311, 314 (2d Cir. 1999).  In accordance with the rule, a motion for fees must

also include an explanation of the specific judgment and the statute, rule or other

grounds that entitle the party to an award for fees.  Fed. R. Civ. P. 54(d)(2)(B)(ii).

Banjosa brought this action under the Uniform Declaratory Judgments Act,

Montana Code Annotated § 27-8-101.  Although the Act does not contain a

specific attorneys' fee provision, Montana courts have recognized that the statute

provides courts the ability to grant supplemental relief in the form of attorneys'

fees if the award is "necessary and proper."  *United Nat'l Ins. Co. v. St. Paul Fire

& Marine Ins. Co*., 2009 MT 269, ¶ 37, 352 Mont. 105, 214 P.3d 1260.  Further,

under Montana law, an award for attorneys' fees is reciprocal.  Mont. Code Ann.

§ 28-3-704 (2017).  Because Banjosa's claims here were based on the Declaratory

Judgments Act, HICI should reciprocally be entitled to fees as the prevailing party.

In considering whether an award for attorneys' fees is necessary and proper under the supplemental relief provisions of the Declaratory Judgments Act, Montana courts impose what is referred to as a "tangible parameters" test.  Under that test, an award of fees is "necessary and proper" when:

> (1) an insurance company possesses what the plaintiffs sought in the declaratory relief action; (2) it is necessary to seek a declaration showing that the plaintiffs are entitled to the relief sought; and (3) the declaratory relief sought was necessary in order to change the status quo.

*United Nat'l Ins. Co.*, ¶ 37.  Had Banjosa prevailed, these factors would have been present.  First, HICI is an insurance company that possessed what Bajosa was seeking, a payout under the insuring agreement HICI issued to its insured and which was assigned to Banjosa.  Second, HICI contested coverage based on sound, well-established principles of insurance law in Montana, and therefore Banjosa determined it was necessary to seek declaratory relief in court.  Third, the declaratory relief sought, would have been necessary to change the status quo.  However, this Court determined that Banjosa's coverage positions were not supported by Montana law and HICI prevailed.  Under these circumstances, fees in this instance are "necessary and proper" and reciprocally available to HICI.  Therefore, HICI should be awarded the reasonable attorneys' fees it incurred in defending against this action.

Although Montana courts have not addressed this exact issue in this context,

4

at least one federal district court in Arizona has considered whether an insurer is entitled to fees under similar legal principles. *11333, Inc. v. Certain Underwriters at Lloyd's*, No. CV-14-02001-PHX-NVW, 2018 U.S. Dist. LEXIS 54130 (D. Ariz. Mar. 30, 2018). In that case, the insured submitted a claim which was denied by the insurer. The insured filed suit alleging, among other things, that the insurer wrongly failed to indemnify, negligently failed to procure flood insurance, and breached the duty of good faith and fair dealing. The insurer prevailed and sought its fees in defending against the action under a state statute that allowed reasonable fee awards to successful parties in actions arising out of an express or implied contract. *11333, Inc.*, 2018 U.S. Dist. LEXIS 54130, at *9 (citing A.R.S. § 12-341.01(A)). In analyzing the motion for fees, the court considered the following factors:

> [T]he merits of the unsuccessful party's case, whether the litigation could have been avoided or settled, whether assessing fees against the unsuccessful party would cause an extreme hardship, the degree of success by the successful party, any chilling effect the award might have on other parties with tenable claims or defenses, the novelty of the legal questions presented, and whether such claim had previously been adjudicated in this jurisdiction.

*11333, Inc.*, 2018 U.S. Dist. LEXIS 54130, at *5 (citation omitted). The court also noted that both parties involved in the coverage dispute were "sophisticated commercial parties in the course of their business." *11333, Inc.*, 2018 U.S. Dist. LEXIS 54130, at *9. In weighing these factors, the court there concluded that the

5

insured's claims were not meritorious; the claims did not raise novel legal issues but instead applied well-established principles of insurance law to find in favor of the insurer; the fee award would not have a chilling effect on other tenable claims and instead would only deter others from "gambling on legal theory in defiance of language and devoid of evidence;" and the litigation could have been avoided or settled. *See 11333, Inc.*, 2018 U.S. Dist. LEXIS 54130, at \*\*14-16.

Similarly here, as explained in clear detail in this Court's opinion, the coverage analysis on which HICI relied to deny coverage in the underlying dispute was based on well-settled principles of insurance law in Montana.  An award of such fees under these circumstances to HICI further comports with principles of equity.  Banjosa's arguments in favor of coverage were not based on novel issues of law in this jurisdiction, but instead were based on a tortured reading of a clear and unambiguous insurance policy.

Awarding fees in this limited and narrow context is in line with and supported by the exceptions under Montana law to the general rule that parties are not entitled to attorneys' fees.  HICI acknowledges that an insurer is not, under Montana law, entitled to fees under all circumstances where they are forced to litigate a declaratory judgment action over coverage.  But under extraordinary circumstances, as is the case here, where an insurer is forced to litigate clear and

unambiguous policy provisions where there is unequivocally no coverage, an insurer should be entitled to supplemental relief.

## IV.   CONCLUSION

Based on the foregoing, HICI respectfully requests that this Court award its costs and fees incurred in defending against this declaratory judgment action.

DATED this 10th day of October, 2018.

_____/s/  Robert J. Phillips_____
Attorneys for Defendant

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this **Defendant's Brief in Support of Rule 54 Motion for Attorneys' Fees and Costs** is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Office Word 2010, is 1,314 words long, excluding Caption, Certificate of Service and Certificate of Compliance.

/s/  Robert J. Phillips
Attorneys for Defendant

2597374