IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BANJOSA HOSPITALITY, LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>HISCOX, INC.,<br><br>Defendant. | CV 17-152-BLG-TJC<br><br>**ORDER** |

Before the Court is Defendant Hiscox Insurance Company, Inc.'s ("HICI") Rule 54 motion for attorneys' fees and costs. (Doc. 41.) For the reasons explained below, HICI's request for attorneys' fees is DENIED, and HICI's request for costs is GRANTED.

On September 26, 2018, this Court issued an Order on the parties' cross motions for summary judgment regarding HICI's duty to defend under a Professional Liability Insurance Policy. (Doc. 38.) The Court granted HICI's motion, and found that the Policy unambiguously excluded coverage and the duty to defend was not triggered.

As the prevailing party, HICI now requests attorneys' fees and costs associated with its defense of this action. HICI argues it is entitled to attorneys' fees and costs under Montana's Uniform Declaratory Judgments Act ("UDJA"),

1

and under Montana's reciprocal attorney fees statute. *See*, Mont. Code Ann. §§ 27-8-313, 28-3-704. HICI acknowledges that Montana has not addressed whether an insurer is reciprocally entitled to attorneys' fees under a conjunctive reading of these statutes. (Doc. 42 at 3-4.) Nevertheless, HICI argues this is a case of extraordinary circumstances, where it was "forced to litigate clear and unambiguous provisions where there is unequivocally no coverage," and therefore it is entitled to relief. *Id.* at 6-7. Defendant Banjosa Hospitality, LLC ("Banjosa") counters that HICI's theory fails because no contractual right to attorneys' fees exists to trigger § 28-3-704, and HICI cannot meet the requirements for a supplemental award of attorneys' fees under the UDJA. (Doc. 44.)

Montana follows the American Rule that "a party in a civil action generally may not recover attorney's fees absent a specific contractual or statutory provision that allows for those fees." *Horace Mann Ins. Co v. Hanke*, 312 P.3d 429, 435 (Mont. 2013). Although the UDJA does not specifically provide for an award of attorney fees, the Montana Supreme Court has interpreted § 27-8-313 to authorize courts to grant supplemental relief when equitable and "necessary and proper." *Trustees of Ind. Univ. v. Buxbaum*, 69 P.3d 663, 673 (Mont. 2003); *United Nat. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 214 P.3d 1260, 1271 (Mont. 2009). The Court must determine whether "equitable considerations support the award" before considering whether relief is necessary and proper. *United Nat. Ins. Co.*,

214 P.3d at 1271. If equity is found, only then should the Court conduct a necessary and proper inquiry. *Id. See also*, *Horace Mann Ins. Co.*, 312 P.3d at 436.

Additionally, § 28-3-704 provides that a contractual right to attorney fees in favor of one party is treated as reciprocal, providing the other party to the action with the same right to relief. *See, e.g., Mont. Health Network, Inc. v. Great Falls Orthopedic Assoc.*, 353 P.3d 483, 487 (Mont. 2015) (discussing a contract provision requiring payment of attorney's fees and stating "[i]n Montana, provisions granting attorney's fees to one party are reciprocal by statute."); *McDonald v. Washington*, 862 P.2d 1150, 1159 (Mont. 1993) (abrogated on other grounds) ("Section 28-3-704, MCA, requires that the losing party pay reasonable attorneys' fees *if* there is an express right to recover attorneys' fees in the contract") (emphasis in original). In relevant part, the statute provides:

> whenever, by virtue of the provisions of any contract or obligation in the nature of a contract made and entered into . . . one party to the contract or obligation has an express right to recover attorney fees from any other party to the contract or obligation in the event the party having that right brings an action upon the contract or obligation, then in any action on the contract or obligation all parties to the contract or obligation are considered to have the same right to recover attorney fees and the prevailing party in any action, whether by virtue of the express contractual right or by virtue of this section, is entitled to recover reasonable attorney fees from the losing party or parties.

Mont. Code Ann. § 28-3-704.

Instead of relying on each statute independently, HICI integrates the statutes to argue "[u]nder Montana law, entitlement to attorneys' fees arising either out of a contractual provision or statute is reciprocal." (Doc. 49 at 2.) HICI argues that because attorneys' fees may have been recoverable by Banjosa under the UDJA had it prevailed, then attorneys' fees are available to HICI by means of the reciprocity statute. *Id.* HICI's argument fails for the following reasons.

First, HICI fails to support its statement that attorneys' fees arising out of either a contractual provision *or* a statute are reciprocal. HICI has failed to provide, and the Court has not found, any Montana case where a statute providing for attorneys' fees was reciprocally awarded to the prevailing party under § 28-3-704. Instead, the Montana Supreme Court has exclusively applied the reciprocity statute to contracts containing an attorney fees provision. *See Mont. Health Network, Inc.*, 353 P.3d 483 (applying § 28-3-704 after identifying a contractual provision for recovery of attorney fees); *Compton v. Alcorn*, 557 P.2d 292 (Mont. 1976) (applying the reciprocity provision where a contract provided for attorney fees); *Lussy v. Bennett*, 692 P.2d 1232 (Mont. 1984) ("if the respondents were entitled to attorney fees in this case by virtue of contract, [Plaintiff] would be entitled to attorney fees on a reciprocal basis under section 28-3-704") (*Colo. Nat.*

*Bank of Denver v. Story*, 862 P.2d 1120, 1122 (Mont. 1993) (noting that § 28-3-704 "provides that a contractual right to attorney's fees will be treated as reciprocal," and then refusing to award attorney fees because no written contract exists, and no statutory provision would otherwise authorize relief); *McDonald*, 862 P.2d at 1159; *Valeo v. Tabish*, 983 P.2d 334, 338-39 (Mont. 1999) (discussing the Montana Supreme Court's application of § 28-3-704, and finding "[n]owhere . . . did we equate a unilateral statutory right to attorney's fees as analogous to the express right to recover pursuant to a contract or other obligation so as to trigger the application of § 28-3-704 . . . there [is] no provision in the contract . . . that provides one party the express right to recover attorney's fees from the other party which would then require us to apply the reciprocity requirement of § 28-3-704").

Here, it is undisputed that the contract between Banjosa and HICI did not include an attorneys' fees provision. (Docs. 44 at 4 & 49 at 3.) Therefore, HICI's argument for fees under the reciprocity statute fails.

Next, HICI has not shown that it is entitled to attorneys' fees as supplemental relief under the UDJA. The Montana Supreme Court has explained such fees will be awarded in limited circumstances, and the court has only once "upheld an award of attorney's fees in a declaratory relief action under [the UDJA]." *Horace Mann Ins. Co*, 312 P.3d at 358-59 (citing

5

*Renville v. Farmers Ins. Exch.*, 105 P.3d 280 (Mont. 2004) (awarded attorney fees to Plaintiff because she would have otherwise "been better off had she never brought the claim.")).

Here, HICI has not shown equitable considerations entitle it to attorneys' fees. There is no indication that Banjosa brought this action to recover its damages under an improper motive, or by setting forth specious arguments.

Further, this is a case involving "two similarly situated parties disputing the interpretation of a contract." *United Nat. Ins. Co.*, 214 P.3d at 1271. The Montana Supreme Court has determined such a posture fails to support an equitable award of attorney fees. *Id.*

Finally, HICI's argument that this is a case of extraordinary circumstances because Banjosa forced it to litigate an unambiguous policy provision is not persuasive. Banjosa's argument was not frivolous, even though it was unsuccessful. Moreover, "to punish the mere failure of a party's arguments in court is not in keeping with the American Rule on attorney's fees, particularly in a case such as this where the litigants are sophisticated parties on equal footing locked in a dispute over the meaning of an insurance contract." *Ames Const. Inc. v. Intermountain Indus., Inc.*, 2010 WL 2985811, *2 (D. Mont. 2010).

In the absence of considerations supporting equitable recourse, the Court need not discuss the necessary and proper portion of the UDJA's supplemental relief test. Therefore, HICI's request for attorneys' fees is denied.

HICI's request for costs under Rule 54(d)(1), however, was not disputed by Banjosa. Under L.R. 54.1, the Clerk's taxation of costs totaled $400.00. (Doc. 48.) Neither party objected to the Clerk's Memorandum on Taxation of Costs. Accordingly,

IT IS HEREBY ORDERED that HICI's request for attorneys' fees is DENIED, and HICI's request for costs is GRANTED. (Doc. 41.) Costs are hereby awarded to HICI in the amount of $400.00.

DATED this 30th day of April, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge